UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL SHEARMAN,                    :
                                     :   NO. 1:12-CV-00760
            Plaintiff,               :
                                     :
                                     :
     v.                              :   **OPINION AND ORDER**
                                     :
                                     :
COMMISSIONER OF SOCIAL               :
SECURITY,                            :
                                     :
            Defendant.

          This matter is before the Court on the Magistrate Judge's
Report and Recommendation, (doc. 15), and Plaintiff's Objections
(doc. 16).  In her Report and Recommendation, the Magistrate Judge
recommended that the decision of the Administrative Law Judge
("ALJ") finding Plaintiff not disabled be affirmed and this case be
dismissed from the docket of the Court (Id.).  For the reasons
indicated herein, the Court ADOPTS and AFFIRMS the Magistrate
Judge's Report and Recommendation in its entirety.

**I.  Background**

          Plaintiff filed an application for Disability Insurance
Benefits ("DIB") and Supplemental Security Income ("SSI") in July
2008, alleging a disability onset date of December 2, 1994, due to
poly-substance abuse disorder, diabetes, and arthritis, as well as
other non-severe impairments of hepatitis C, mild hearing loss, and
problems swallowing (doc. 15).  Plaintiff subsequently requested a

hearing before an Administrative Law Judge ("ALJ"), which he obtained, and at which he was represented by counsel (Id.). By the time of the hearing, Plaintiff had conceded he did not have a viable DIB claim, which he waived, given that the medical records only started around the year 2000 (Id.). The ALJ denied such claim, as well as Plaintiff's SSI claim, determining that Plaintiff was not disabled during the relevant time period (Id.). The Appeals Council denied Plaintiff's request for further review, thus making the ALJ's decision the final determination of the Commissioner (Id.).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for three reasons (Id.). First, he argues the ALJ erred by improperly determining Plaintiff's residual functional capacity ("RFC") which is inconsistent with all Plaintiff's impairments; second, the ALJ erred by improperly weighing the opinion evidence; and third, he erred by improperly assessing Plaintiff's credibility (Id.).

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge reviewed the record, rejected Plaintiff's assignments of error, found the ALJ's non-disability determination supported by substantial evidence, recommended the Court affirm such decision, and that this case be closed on the docket (Id.). The Magistrate Judge addressed each of Plaintiff's contentions seriatum.

**A.   The ALJ's RFC Finding**

The Magistrate Judge first addressed Plaintiff's contention that the ALJ's RFC determination is not substantially supported due to an internal inconsistency regarding public interaction (Id.).  The Magistrate Judge found harmless error in the typographical inconsistency in the written RFC that Plaintiff should have only occasional contact with the public, when it is clear the ALJ directed the vocational expert to consider only jobs in a non-public setting, and the VE in fact only identified jobs with no public contact (Id.).

The Magistrate next addressed Plaintiff's contention that the ALJ failed to list limitations that correlated with each "severe" impairment (Id.).  The Magistrate Judge rejected such contention because there is no legal requirement that a specific limitation be included in a hypothetical RFC that correlates with every severe impairment (Id. citing Walker v. Astrue, 2010 WL 3187862 at *5 (S.D. Ohio 2012), Griffeth v. Com'r of Soc. Sec., 217 Fed. Appx. 435, 429 (6th Cir. Feb. 7, 2007)).  In any event, the Magistrate Judge found substantial evidence supporting the ALJ's refusal to include limitations in the RFC relating to Plaintiff's alleged diabetic neuropathy and/or venous insufficiency based on Dr. Hulon's testimony and Dr. Keown's physical examination notes (Id.).  The Magistrate Judge also addressed Plaintiff's argument that the RFC failed to account for his degenerative arthritis

and/or osteoarthritis, as documented by x-rays and MRI (<u>Id</u>.).  The Magistrate Judge noted that although the ALJ did not discuss the MRI evidence, he was not required to, and in any event, Dr. Hulon testified he saw the imaging records and in his opinion, Plaintiff could still perform medium work (<u>Id</u>.).  The Magistrate Judge found speculative Plaintiff's contention that Plaintiff's condition had degenerated since the time of his October 2008 imaging study finding mild to moderate arthritis (<u>Id</u>.).  The Magistrate Judge noted that Dr. Hulon discussed the mild to moderate findings and found no increased intensity requiring limitations beyond those needed for a mild to moderate arthritic condition (<u>Id</u>.).

In what the Magistrate Judge found to be a nearly identical third argument, Plaintiff contends the RFC failed to fully account for the severity of his impairments (<u>Id</u>.).  In support of such argument, Plaintiff contends his other impairments taken together weigh in favor of a disability finding (<u>Id</u>.).  Specifically, Plaintiff complains of digestive problems, including problems swallowing, but as the Magistrate Judge noted, he fails to explain what limitations should have been included in his RFC to account of his alleged digestive issues (<u>Id</u>.).  Plaintiff also raises his hearing loss as an issue, but the Magistrate Judge found he never explains in what manner the RFC is insufficient, as the ALJ limited him to no concentrated exposure to noise and only occasional contact with co-workers and supervisors (<u>Id</u>.).

**B.  Weight Given to Opinion Evidence**

   The Magistrate Judge rejected Plaintiff's contention that the ALJ did not offer sufficient good reasons to reject the more severe opinions of Dr. Jette, the treating psychiatrist (doc. 15). The Magistrate Judge found inconsistencies in Dr. Jette's notes, particularly a lack of reference to any episodes of decompensation of extended duration, and references suggesting Plaintiff still rode his motorcycle to some extent and visited his seven-year-old daughter (<u>Id</u>.).  The Magistrate Judge noted no fewer than <u>five</u> other consulting psychologists offered less limiting RFC opinions, and found well-supported Dr. Schwartz's opinion that polysubstance abuse and dependency are Plaintiff's primary problems (<u>Id</u>.).  The Magistrate Judge further found Dr. Jette's opinion to reflect the belief that substance abuse is preventing adequate treatment, and that Plaintiff would not be as limited in the absence of substance abuse (<u>Id</u>.).

   Plaintiff also criticizes the weight given to the physical RFC opinions of Drs. Hulon and Keown (<u>Id</u>.). Plaintiff contends Dr. Hulon's testimony reflects the belief that musculoskeletal pain alone cannot be disabling, but the Magistrate Judge disagreed, finding Dr. Hulon stated Plaintiff did have mild limitations with regard to arthritis, and that Plaintiff's RFC could be impacted by pain (<u>Id</u>.).  The Magistrate Judge further found the ALJ was entitled to reject Dr. Keown's consulting

opinions in favor of Dr. Hulon, who had access to far more records, and noted Keown's one-time July 2006 examination was remote to the 1994-2010 alleged disability period (Id.).

## C. The ALJ's Credibility Determination

Finally, the Magistrate Judge found the ALJ's adverse credibility determination supported by the record (doc. 15).  The Magistrate Judge found that Plaintiff too quickly brushed away his admitted non-compliance with treatment through 2008, and that Plaintiff continued to report drinking and smoking marijuana in 2010 long after his doctors advised him to quit (Id.).  The Magistrate Judge found debatable whether Plaintiff's substance abuse was on a downward trend, and in any event, concluded there were discrepencies in the record from Plaintiff's varying accounts that amounted to substantial evidence for the adverse credibility determination (Id.).  The Magistrate Judge further noted the ALJ's observation that Plaintiff's testimony that he was only able to walk a block, stand for thirty minutes, sit for just one hour, and sleep for six hours inconsistent with evidence that Plaintiff spent his days "watching television, reading, and visiting with friends," and admittedly could "cook, clean, drive, and take care of personal needs" (Id.).  Plaintiff's social skills also appeared less impaired than reported, given that Plaintiff stated he regularly visited his Mother, talks on the phone daily with friends, and goes "regularly. . .to taverns or cookout[s] with his friends" (Id.).

The fact that Plaintiff reported using a cane, brace/splint, and glasses to assist him persuaded neither the ALJ or Magistrate Judge as none of these were prescribed by a doctor (Id.). Finally, the Magistrate Judge noted the ALJ's decision pointed to various instances in the record where Plaintiff did not comply with prescribed treatment, which in itself can constitute a basis for a non-disability finding (Id. citing Webster v. Sec'y of HHS, 1985 WL 13523 (6th Cir. July 8, 1985); 20 C.F.R. § 404.1530).

## III. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's Report and Recommendation contending the Court should reject it based on her statement of errors and additional arguments (doc. 16). Plaintiff contends the ALJ's RFC finding incorrectly lumps together his diabetic peripheral neuropathy and vascular insufficiency as if they are alternative diagnoses for the same condition (Id.). Plaintiff reiterates his position premised on the theory that Dr. Keown's opinion should outweigh that of Dr. Hulon, as Dr. Keown gave a "very detailed physical examination of Plaintiff in 2006 and listed these impairments as separate diagnoses (Id.). Plaintiff contends the Magistrate Judge did not address his arguments that Dr. Hulon's examinations were only cursory, in contrast to Dr. Keown's report (Id.).

As for his arthritis, Plaintiff contends the x-rays and MRI show more significant problems than those acknowledged by Dr.

Hulon, who characterized Plaintiff's arthritis as "mild" (Id.). Plaintiff argues it was not reasonable for the ALJ to rely on Dr. Hulon's testimony regarding spinal cord compression when the radiologist who read the MRI and determined there was such compression is better suited to make such interpretation (Id.). Although the record does not include specific complaints of neck pain, Plaintiff contends Dr. Hulon failed to speak about limitations resulting from his cervical spine arthritis, which is distinct from his lumbar spine arthritis (Id.).   Plaintiff also reiterates record evidence that he had problems with walking and climbing stairs, per Dr. Sexton, he was stiff when ambulating per Dr. Kennon, and was unable to complete a full squat per Dr. Keown (Id.).  The Magistrate Judge and ALJ were wrong, contends Plaintiff to rely on Dr. Hulon's belief that other than one exhibit there were no other complaints by Plaintiff about arthritic pain in his back and lower extremities (Id.).

Plaintiff contends it is of no consequence that his cane was not prescribed (Id. citing White v. Comm'r of Sec., 312 Fed. Appx 779 (6th Cir. 2009)).  He contends his physicians saw him using it, none indicated it was inappropriate or advised him to stop using it.

Plaintiff next argues that a careful weighing of the evidence shows Dr. Keown's opinion is consistent with the record, and such opinion is the only professional opinion that addressed

his vascular insufficiency (Id.). Plaintiff contends there is no evidence inconsistent with Dr. Keown's opinion that his vascular insufficiency is one of the factors which creates limitations in his ability to engage in extended periods of sitting, standing, and/or walking (Id.). In Plaintiff's view, Dr. Hulon's opinion considered whether Plaintiff has diabetic neuropathy and if so, whether that warrants reducing his RFC to less than medium exertion but fails to properly interpret MRI evidence or consider the effects of Plaintiff's vascular insufficiency (Id.). Finally, Plaintiff clarifies that the evidence shows he has difficulty hearing conversational speech, such that in his view the ALJ should have prohibited jobs that require oral communication as a part of job duties (Id.). In summary, Plaintiff contends that because the ALJ's RFC does not adequately address his arthritis, spinal impairments, vascular insufficiency, and hearing impairment, the ALJ's decision should be reversed (Id.). Plaintiff contends that because in his view he is not capable of working at the medium level of exertion, his claim should be remanded for an award of benefits (Id.).

## IV. Analysis

Under 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence. Accordingly, this Court's "review is limited to determining whether there is substantial evidence in the record to support the

-9-

findings." <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 851 (6th Cir. 1986). "'Substantial evidence' means 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Kirk v. Secretary of Health and Human Services</u>, 667 F.2d 524, 535 (6th Cir. 1981)(<u>quoting</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)), <u>cert.</u> <u>denied</u>, 461 U.S. 957 (1983). It is for the Secretary to resolve conflicts in the evidence and to decide questions of credibility. <u>Gaffney v. Bowen</u>, 825 F.2d 98, 100 (6th Cir. 1987). The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Secretary may proceed without interference from the courts. <u>Id</u>. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. <u>Kirk</u>, 667 F.2d at 535.

Having reviewed this matter, the Court finds the ALJ's non-disability finding supported by substantial evidence and within the applicable "zone of choice." Despite Plaintiff's thorough objections, the Court finds no basis here to reverse the adverse decision. The Court agrees with the Magistrate Judge that the ALJ's misstatement regarding interaction with public was merely typographical, that the ALJ need not articulate a limitation

corresponding with each impairment, and that the ALJ properly assessed and weighed the opinions of Drs. Hulon and Keown. The Court finds well-taken Plaintiff's argument that a cane need not be prescribed in order to be necessary, but such argument does not detract from the larger credibility issue in this case. There is no question the record shows Plaintiff has not complied with doctor's orders regarding poly-substance abuse, and this alone provides a basis for a non-disability finding. 20 C.F.R. § 404.1530. Moreover, Plaintiff's stated activities, including that he can cook, clean, drive, and take care of personal needs, show that he is capable of medium exertion–including jobs as cleaner, warehouse worker, and packer. Notwithstanding Plaintiff's spirited arguments regarding distinctions in his impairments, the specificity of Dr. Keown's one-time report, and Plaintiff's hearing problems, the Court finds well-taken the position that the ALJ's decision should stand undisturbed. <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986).

## IV. Conclusion

The Court, having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court finds the ALJ's decision supported by substantial evidence. The Court agrees with Defendant that Plaintiff's proffered claims of error are unpersuasive.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 15), FINDS the Defendant's decision supported by substantial evidence, AFFIRMS the decision of the ALJ, and DISMISSES this case from the docket.


SO ORDERED.


Dated: March 21, 2014          s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge